UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re

     DONALD L. WRIGHT                      Case No. 04-17680 K
                    Debtor
-----------------------------------------------------------------
Mitchell Fisher and Luanne Fisher

                Plaintiffs

      -vs-                        AP No. 08-1075 K

Donald L. Wright

                Defendant
-----------------------------------------------------------------

## <u>ORDER AND OPINION</u>

Patrick M. Balkin, Esq.
Jackson, Balkin & Douglas
365 Market Street, P.O. Box 468
Lockport, NY   14094

Attorney for Plaintiffs

Dennis Gaughan, Esq.
6161 S. Park Avenue
Hamburg, NY   14075

Attorney for Debtor


In this dischargeability action under 11 U.S.C. § 523(a)(6), the Plaintiffs have

moved for Summary Judgment based entirely on the Debtor's deposition testimony in a civil

action in State Court.[1]  In a nutshell, the Debtor's testimony under oath was to the effect that he

was one of a number of people involved in a fist fight outside a tavern on a particular night in

---

[1]The Debtor was in Chapter 13 at the time, and converted to Chapter 7 in January of 2008.  Hence, the litigation was after the filing of the Chapter 13 proceeding but before the conversion to Chapter 7.

2005.  At one point in the altercation, someone pulled the Debtor's sweater up over his head and

punched him in the nose, breaking it.  Then, in the Debtor's own words:

> I pulled my [sweater] back down, noticed my nose was bleeding, um, picked up
> my hat, put my nose back in place.  I saw the person that struck me was walking,
> out of the corner of my eye, because being a bar fight you don't know if this
> person is going to come back after me.  So I kind of was keeping my eye on him.
> I picked up my hat, seen him out of the corner of my eye walking around.  I was
> gaining my composure.  I thought to myself, this guy is not going to get away
> with punching me in the face, and I went and hit the person, Mitch, which I
> thought was the person hitting me. [Transcript page 20, lines 1 through 12.]

"Mitch" is Mitchell Fisher.  Mitchell Fisher and his wife Luanne Fisher are the

Plaintiffs in this case.  Mitchell Fisher allegedly suffered "certain severe and permanent injuries

including but not limited to broken bones, lacerations and head and neck trauma." [State

Supreme Court Complaint paragraph 6.]  His wife's cause of action is premised on "loss of

services, loss of consortium and loss of companionship of her husband." [State Supreme Court

Complaint paragraph 11.]  There is nothing before the Court to address whether Mitchell Fisher

was involved in the altercation at all, or whether he was simply leaving the premises.  By the

Debtor's own deposition testimony, Mitchell, in fact, was walking away from the Debtor.

[Transcript page 22, lines 2 through 6.]

There are two prongs to the Debtor's response to the Summary Judgment Motion.

First, it is argued that the Plaintiffs' theory that the acts of the Debtor were wilful, intentional,

and malicious, are "suppositions . . . based on a deposition and have never been subject to a court

proceeding."  This argument is misplaced.  It would be a perfectly valid argument if the

testimony were the testimony of the Plaintiff, Mitchell Fisher and not the testimony of the

Defendant here, Donald Wright.  In many instances, such as where credibility of testimony is at

issue, there is no substitute for the opportunity to cross examine the witness at trial and let the fact-finder observe the demeanor of the witness. However, the Debtor cannot cross examine himself. If it is the Debtor's intention to recant his deposition testimony if he is permitted to get to trial on this § 523(a)(6) action, he has not responded as is required by Rule 56(e) which states, in part, "when a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." The Debtor has put in no affidavit or other evidence to contradict his previous, sworn testimony.

The second prong of the Debtor's response is somewhat like an "election of remedies" argument premised on the character of the State Court judicial proceedings. There were two such proceedings. One was criminal and the other was civil. In the criminal proceeding, it is argued, "the defendant in this case plead to and [sic] ACD ["adjournment in contemplation of dismissal"], which carried no intent with it. The plaintiff agreed with this plea." In the civil action, it is argued, the Plaintiffs sought recovery only in negligence and not for a wilful and malicious injury. "Nowhere in the Plaintiffs' Complaint do they state that the Defendant's action was intentional, wilful or malicious," the Debtor asserts. It is certainly true that those words were not used in the Complaint served in the State Court's civil action. However, the Debtor's conduct was alleged to constitute "battery" and "assault." The Debtor

seizes on the fact that one paragraph of that Complaint begins "As the result of the negligence of

the Defendant," the Plaintiff has missed time from work and will suffer diminution of earnings.

From that the Debtor seeks to characterize the entire State Court proceeding and the resultant

judgment as a proceeding in "negligence." This Court disagrees with the characterization, but it

is of no moment. We may assume for the sake of argument only that it was an action in

negligence and not in intentional tort. Doing so, we find that the issue was well and thoroughly

discussed in the case of *In re Taylor*, 54 B.R. 515 (E.D.Va. 1985) wherein the Bankruptcy Court

stated the issue before it as follows:

> Debtor contends that the equitable doctrine of election of remedies
> controls this proceeding. Clearly it does not. Debtor argues that since the
> [plaintiffs] successfully prosecuted their contract remedy against him in State
> Court, they cannot now resort to a court remedy under § 523(a) of the Code to
> determine the dischargeability of a debt in this Court. Debtor's argument,
> however, demonstrates a misunderstanding of the thrust of the election doctrine.

> Election of remedies prevents a Plaintiff with one cause of action from
> bringing more than one suit on that cause. . . .   When the [Plaintiffs] decided to
> sue Debtor in State Court on the . . . contract, they had a single cause of action
> and two possible remedies. One remedy sounded in contracts; the other, in tort.
> They elected to sue their contract remedy, obtaining a default judgment thereon.
> The [Plaintiff] Complaint in this Court is not based on the same cause of action - -
> the same set of facts - - as their prior State-Court suit. Rather, it is a separate and
> distinct cause of action: 'one cause of action is on the debt and the other cause of
> action is on the dischargeability of that debt, a cause of action that arises solely by
> virtue of the Bankruptcy Code and its discharge provisions.' . . .   Until Debtor
> filed his Petition for relief under Chapter 7 of the Code, the [Plaintiffs]
> necessarily had no cause of action under § 523(a). [Authorities omitted.]

> Thus in the case at bar, the prior State Court proceedings are entirely irrelevant.

The Plaintiffs here are not trying to recharacterize the judgment they obtained, and then use it to

prevent the Debtor from having a new day in Court. Rather, the Summary Judgment is based

entirely on the Debtor's admissions under oath at a deposition which happened to be conducted in the context of those State Court proceedings.

Both prongs of the Debtor's response thus fail. However, that does not mean that the Plaintiffs are automatically entitled to summary judgment. Rather, as quoted above, when the responding party has not appropriately responded as required by Rule 56, summary judgment will be entered against such party only "if appropriate."

Having duly reflected upon *Kawaauhau v. Geiger*, 523 U.S. 57 (1998) and its progeny, there can be no doubt that the Debtor has admitted, under oath, all of the elements of a nondischargeable debt under § 523(a)(6).

The punch was intentional, after the Debtor "composed" himself after being himself struck.

His "cause" or "excuse" was reprisal for what he believed Mitchell had done to him. When talking about the intentional infliction of serious physical injury, however, reprisal is never a cause or excuse that is a "just" cause or excuse. "Malice" does not require hatred, spite or ill-will. See *Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d 853, 859 (1st Cir. 1997); *McAlister v. Schlosberg*, 225 B.R. 9, 17 (Bankr. D. Me. 1998).

Whatever <u>injuries</u> resulted from the punch (damages are yet to be tried) had to have been intended by the Debtor.[2]

Summary Judgment for the Plaintiffs is granted. This matter is placed on the

---

[2]In a sad coincidence, a similar unexpected punch killed a man during a handshake "line-up" after an adult softball game in the nearby town of Parma, N.Y. just last month. The perpetrator has been charged with a homicide.

Calendar Call for **<u>August 20, 2008 at 11:30 a.m.</u>** to schedule proceedings on the issue of

damages.

              SO ORDERED.

Dated:       Buffalo, New York
              July 21, 2008

                                   s/Michael J. Kaplan
                            _____
                                    U.S.B.J.